## CIRCUIT COURT OF BALTIMORE CITY.

Filed April 30, 1894.

PHIPPS, ETC.,
VS.
WORTHINGTON, ETC.

*J. W. McElroy* and *F. W. Story* for plaintiff.

*Wm. A. Fisher, T. M. Lanahan, Frank Gosnell, Michael A. Mullin, Charles Marshall, Robert F. Brent* and *Samuel Snowden* for defendant.

DENNIS, J.—

This decree will provide:

1st. A renewal of the lease in favor of the plaintiffs, according to the interests as shown by the bill and exhibits, upon all the terms and covenants in the original lease, except as to the commutation of the annual rental as hereinafter provided for.

2nd. The annual rent of forty shillings is to be commuted into an annual payment of nine dollars and seventy-two cents, (the commutation, and the rate thereof, being agreed to in open Court, by the solicitors for all parties).

3rd. The unpaid rent is to be com-

puted from the date of the death of Arreanah Kennedy in 1804, up to May 1st, 1893; and interest is to be allowed upon each installment from the date of its becoming due.

(I am of the opinion that the defendants might properly have claimed rent from the date of the lease, because when plaintiffs come into Court seeking a renewal of a lease, the burden is upon them to show that they have complied with all the stipulations and covenants of the original lease; for, without having so complied, they are not entitled to renewal. In this case they have not even alleged that they have ever at any time paid any rent, but confess that for over 20 years they have paid nothing; and as to the rent accruing prior to that time the bill is wholly silent. If they had proved the payment of a single installment, it might be fairly presumed that all installments prior to such payment had likewise been paid; but in the absence of any proof, or even allegation of any payment having ever been made at any time, or of facts from which a presumption of payment can fairly be made. I know of no principle by which the plaintiffs can be exempted from complying with the express covenant to pay all the accrued rent before they are entitled to the renewal of the lease.

The statute of limitations has not been pleaded, and it is hard to see how it can be invoked or availed of, in a proceeding like the present.

As, however, the defendants' counsel, at the hearing, waived all claims for rent accruing prior to the death of Arreanah Kennedy, the decree will only require the payment to be made from that date.)

4th. Michael A. Mullin, Esq., to be receiver, upon executing a bond in the penalty of $5,000, to receive the sum to be computed under the last item, and such other sums as may become due as hereinafter provided for, and to hold the same until the further order of the Court; and the renewal as provided for in item 1st of these memoranda, is not to be operative or effective until the amount of rent already due, as provided for by item 3rd, is paid in full to said receiver; and the receiver is further authorized to collect all rent that may become due after May 1st, 1893, by any and all legal proceedings that, in his judgment, may be necessary and proper.

5th. The heirs of Arreanah Kennedy are determined to be the right parties to claim under the lessors in the signed lease; and the case is referred to Daniel M. Thomas, as auditor and master, to take such testimony as may be desired by any of the parties, or the master himself, to determine who are the heirs of the said Arreanah Kennedy, and the proportions in which the several parties found to be such heirs are entitled to share in the residue, as well as the accruing rent.

6th. The plaintiffs are to pay the costs of this suit.